UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

THOMAS KURTZ, also
known as Tomas Shay,

                              Plaintiff,

        v.                                    9:22-CV-0487
                                                        (DNH/ATB)
SNYDER, BARNHEART,
BROOME COUNTY SHERIFF,
ADAMS, PEAT PITCHER, and
HOFFMAN,

                              Defendants.
_____

APPEARANCES:

THOMAS KURTZ
533816
Plaintiff, Pro Se
CNY PC
PO Box 300
Marcy, NY 13403

DAVID N. HURD
United States District Judge

## DECISION AND ORDER

### I. INTRODUCTION

    *Pro se* plaintiff Thomas Kurtz ("Kurtz" or "plaintiff") commenced this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"), together with an application for leave to proceed in forma pauperis ("IFP"). *See* Dkt. No. 1 ("Compl."); Dkt. No. 6 ("IFP Application").[1]

---

[1] Plaintiff's initial application to proceed IFP was denied based on his failure to comply with the filing fee requirement. Dkt. No. 5. Thereafter, plaintiff filed his IFP Application, together with prisoner account statements. Dkt. Nos. 6, 7.

By Decision and Order entered on July 13, 2022, this Court granted Kurtz's IFP Application, but following review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), found that it was subject to dismissal for failure to state a claim upon which relief may be granted. Dkt. No. 12 ("July 2022 Order"). In light of plaintiff's pro se status, he was afforded an opportunity to submit an amended complaint. *Id*. at 21-22.

Presently before the Court are the following: (1) plaintiff's amended complaint, Dkt. No. 13 ("Am. Compl."); (2) a motion for reconsideration of the July 2022 Order, Dkt. No. 15 ("Motion for Reconsideration"); and (3) two submissions filed after the amended complaint containing further allegations of wrongdoing, Dkt. Nos. 18, 20.

## II. SUFFICIENCY OF THE AMENDED COMPLAINT AS SUPPLEMENTED

### A. The Complaint and July 2022 Order

In his original complaint, Kurtz asserted Section 1983 claims against various Broome County officials based on alleged wrongdoing that occurred while he was confined at Broome County Jail. *See generally* Compl.

Specifically, the complaint was construed to assert the following Section 1983 claims: (1) Fourteenth Amendment excessive force and failure-to-protect claims against Snyder, Barnheart, Adams, and Pitcher; (2) Fourteenth Amendment due process claims against each of the named defendants based on alleged "drugging" of plaintiff's food; (3) Fourteenth Amendment due process claims against Snyder, Barnheart, Adams, and Pitcher based on alleged theft of property; (4) a Fourteenth Amendment medical indifference claim against defendant Hoffman based on her alleged refusal to prescribe plaintiff medical marijuana; and (5) Fourteenth Amendment conditions-of-confinement claims against Snyder,

2

Barnheart, Adams, and Pitcher based on plaintiff's alleged exposure to a UV light.  *See* July 2022 Order at 7-8.

Following review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), plaintiff's Section 1983 claims were dismissed without prejudice for failure to state a claim upon which relief may be granted.  *See* July 2022 Order at 21-22.

### B. Overview of the Amended Complaint as Supplemented

Similar to the original complaint, the amended complaint contains a series of rambling, repetitive, and disjointed allegations that present challenges to undertaking a sufficiency review.  Furthermore, although plaintiff was previously advised that the Court would not consider "piecemeal submissions" or combine them with other filings, *see* July 2022 Order at 5-6, plaintiff has once again submitted three separate documents containing pleading submissions, as opposed to a single amended complaint.  *See* Dkt. Nos. 13, 18, 20.

Having reviewed these documents, the Court finds that Kurtz's most recent submission (Dkt. No. 20) does not include any materially new facts that are not contained within the first and second amended pleading submissions.  Therefore, the Court declines to consider plaintiff's most recent pleading submission as part of its sufficiency review herein.

For the sake of efficiency, and because the second amended pleading submission is not lengthy and contains certain factual information that is not included in the first amended pleading submission, the Court will consider these submissions together as the amended complaint in this action.  As a result, the Clerk is directed to file plaintiff's second amended pleading submission (Dkt. No. 18) immediately after the last page of the amended complaint.

3

The following facts are set forth as alleged by plaintiff in the amended complaint as supplemented.

On September 1, 2021, Officer Tinker (not a party) "stole" property from plaintiff, including his bible, calendar, sandals, and clothes.  Am. Compl. at 4.  On September 10, 2021, plaintiff was "assaulted" by defendants Barnhart, Snyder, Pitcher, Adams, and non-party officials Tinker and Patrelle.  *Id.* at 2, 4, 8.[2]  During the assault, these officials "put hands and feet on [plaintiff]."  *Id.* at 4.[3]

Between March and September, 2021, Plaintiff "was drugged with food administered to [him.]"  Am. Compl. at 3, 8.  Beginning in October, 2021, plaintiff filed letters advising that the medication he was "prescribed" was "minnipulating [sic]" the size of his penis.  *Id.* at 3.

Liberally construed, the amended complaint re-asserts the following claims against the named defendants: (1) Fourteenth Amendment excessive force and failure-to-protect claims against Snyder, Barnheart, Adams, and Pitcher; (2) a Fourteenth Amendment due process claim based on the alleged "drugging" of food; and (3) a Fourteenth Amendment due process claim based on the alleged theft of property.[4]

---

[2] Plaintiff acknowledges that he alleged in his original complaint that the assault occurred on October 8, 2021, but clarifies that the correct date was September 10, 2021.  *See* Am. Compl. at 2.

[3] Plaintiff also alleges, without detail, that he was "assaulted" by two corrections officials who are not parties to this proceeding during his incarceration at Elmira Correctional Facility, *see* Am. Compl. at 8, which is located within the Western District of New York.  Because the amended complaint does not name these officials as defendants or include any details regarding the alleged assault, the Court declines to add these officials to this action as defendants.  In the event plaintiff wishes to pursue Section 1983 claims against these officials (or others from Elmira Correctional Facility), he is advised that he must commence a separate action in the appropriate court.

[4] The amended complaint does not assert claims based on defendant Hoffman refusing to prescribe him medical marijuana and his alleged exposure to ultraviolet light.  Moreover, the Court does not construe the amended complaint to assert Section 1983 claims against Officers Tinker and Patrelle because plaintiff has not named these individuals as parties to the proceeding in any of his pleading submissions.  *See* Fed. R. Civ. P. 10(a) ("[T]he title of the complaint must name all the parties."); *Abbas v. U.S.*, No. 10-CV-0141, 2014 WL 3858398, at *2 (W.D.N.Y. Aug. 1, 2014) (the failure to name a party in the caption makes it "infeasible for the

4

For a more complete statement of plaintiff's claims, reference is made to the amended complaint.

## C. Analysis

Because plaintiff is proceeding IFP and suing government officials, his amended complaint must be reviewed in accordance with 28 U.S.C. § 1915(e)(2)(B).  The legal standard governing the review of a pleading pursuant to this statute was discussed at length in the July 2022 Order and it will not be restated herein.  *See* July 2022 Order at 3-4.

### 1. Excessive Force and Failure-to-Protect Claims

The legal standard governing Fourteenth Amendment excessive force and failure-to-protect claims was also discussed at length in the July 2022 Order, and will not be restated herein.  *See* July 2022 Order at 9-12.

The original complaint detailed at least one, but potentially more than one, incident in which plaintiff was kicked in the mouth and punched in the ribs by unidentified officials.  *See* Compl. at 7.  The Court found that plaintiff's allegations were insufficient to state a Fourteenth Amendment excessive force claim against any of the named defendants because the Court was unable to discern from the complaint (1) who was involved in these use-of-force incidents, or (2) what precipitated these events.  *See* July 2022 Order at 11-12.

The allegations in the amended complaint seem to clarify that Kurtz was only involved in one use-of-force incident during his confinement at Broome County Jail, and that defendants Snyder, Barnheart, Adams, and Pitcher were each involved in this incident.  *See* Am. Compl. at 2, 4, 8.  The amended complaint does not, however, contain the same level of

---

Court to determine which of the individual officers mentioned in the body of the complaint should be deemed to be defendants to which claims").

5

detail regarding the manner of force used against plaintiff, or identify any injuries that he suffered. Instead, plaintiff simply alleges that defendants Snyder, Barnheart, Adams, and Pitcher "put hands and feet on [him]" on September 10, 2021. *Id.* at 2, 4. Thus, without considering the allegations in the original complaint, the Court would have no basis to plausibly infer that plaintiff was subjected to objectively unreasonable force or suffered any injury as a result of the alleged incident that occurred on September 10, 2021.

In general, an amended pleading supercedes an earlier pleading in all respects. Moreover, the Court expressly advised plaintiff in the July 2022 Order that if he filed an amended complaint, it "must be a complete pleading" and would "supersede and replace the complaint in its entirety." *See* July 2022 Order at 21.

However, in light of plaintiff's filings to date in this case, limited litigation experience, and confinement status, the Court is not convinced that affording him an opportunity to file a second amended complaint that combines the allegations in the original complaint with the allegations in the amended complaint (as supplemented) will result in a more comprehensible pleading. As a result, and for the sake of efficiency, the Court will consider the allegations in plaintiff's original and amended pleadings together in evaluating the sufficiency of his Fourteenth Amendment excessive force and failure-to-protect claims.[5]

Upon review of the allegations in the original and amended pleadings, and mindful of the Second Circuit's direction that a pro se plaintiff's pleadings must be liberally construed, *see e.g. Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008), the Court finds that plaintiff's Fourteenth Amendment excessive force and failure-to-protect claims

---

[5] The Clerk is directed to attach a copy of the original complaint after the last page of the amended complaint as supplemented.

against defendants Snyder, Barnheart, Adams, and Pitcher survive sua sponte review and require a response. In so ruling, the Court expresses no opinion as to whether these claims can withstand a properly filed dispositive motion.

### 2. Due Process Claim Based on "Drugging"

The legal standard governing Fourteenth Amendment due process claims based on forced medication was discussed at length in the July 2022 Order, and will not be restated herein. *See* July 2022 Order at 12-14.

The amended complaint expressly alleges that Kurtz was "prescribed" the medication that was placed in his food. *See* Am. Compl. at 3. Furthermore, as with the original complaint, the amended complaint lacks any allegations which plausibly suggest that plaintiff was not afforded adequate procedural safeguards before this medication was prescribed and/or after any side effects became known. Thus, as with the original complaint, the allegations in the amended complaint are insufficient to state a Fourteenth Amendment due process claim.

Accordingly, and for the reasons stated in the July 2022 Order, plaintiff's due process claim based on "drugging" his food is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

### 3. Due Process Claim Based on Stolen Property

The legal standard governing Fourteenth Amendment claims based on stolen property was discussed at length in the July 2022 Order, and will not be restated herein. *See* July 2022 Order at 15-16.

As with the original complaint, the amended complaint is devoid of any allegations

which plausibly suggest that adequate post-deprivation remedies to recover the value of plaintiff's lost or stolen property were unavailable. Thus, plaintiff has once again failed to adequately plead that he suffered a violation of his due process rights based on officials allegedly stealing property from him.[6]

Accordingly, and for the reasons stated in the July 2022 Order, plaintiff's Fourteenth Amendment due process claim based on stolen property is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

### III. MOTION FOR RECONSIDERATION

A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice. *Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983)). The standard for granting a motion for reconsideration is strict. *Shrader v. CSX Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

A motion for reconsideration "should not be granted where the moving party seeks

---

[6] Insofar as the property consisted of legal materials or court filings, the amended complaint also lacks any allegations which plausibly suggest that plaintiff suffered an actual injury in any court proceeding as a result of the alleged theft. Thus, the alleged wrongdoing also does not give rise to a cognizable First Amendment access-to-courts claim. *See Lewis v. Casey*, 518 U.S. 343, 349-53 (1996) (noting that a plaintiff must demonstrate "actual injury" by establishing that the deprivation "hindered his efforts" to pursue a non-frivolous legal claim); *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (noting that "the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint"); *Amaker v. Haponik,* No. 98-CV-2663, 1999 WL 76798, at *3 (S.D.N.Y. Feb. 17, 1999) ("A hypothetical injury is not sufficient to state a claim for violation of the right of access to the courts.").

solely to relitigate an issue already decided." *Id.*[7] Thus, a motion for reconsideration is not to be used for "presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998).

Kurtz does not suggest that there has been an intervening change in the controlling law, nor has he presented new evidence which was not previously available.  Therefore, the only basis for reconsideration is to remedy a clear error of law or to prevent manifest injustice.  After thoroughly reviewing plaintiff's motion and affording it due consideration in light of his status as a pro se litigant, the Court finds that plaintiff presents no basis for reconsideration of the July 2022 Order.  Based upon a review of the relevant law and its application to the facts of this case, the Court concludes that its previous decision was legally correct and did not work a manifest injustice.  Accordingly, the Motion for Reconsideration is denied.

## IV. <u>CONCLUSION</u>

Therefore, it is

ORDERED that

1. The Clerk shall file plaintiff's second amended pleading submission (Dkt. No. 18) immediately after the last page of the amended complaint (Dkt. No. 13), and file the original complaint after the last page of the amended complaint as supplemented;

2. The amended complaint as supplemented is accepted for filing and is the operative

---

[7] Generally, motions for reconsideration are not granted unless "the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader*, 70 F.3d at 257.

pleading;

    3. The Motion for Reconsideration (Dkt. No. 15) is **DENIED**;

    4. Plaintiff's Fourteenth Amendment excessive force and failure-to-protect claims against defendants Snyder, Barnheart, Adams, and Pitcher **SURVIVE** sua sponte review and require a response;

    5. Plaintiff's remaining Section 1983 claims are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted;

    6. The Clerk shall **TERMINATE** the Broome County Sheriff and Hoffman as defendants;

    7. The Clerk shall issue summonses and forward them, along with copies of the amended complaint as supplemented, to the United States Marshal for service upon defendants Snyder, Barnheart, Adams, and Pitcher;

    8. The Clerk shall forward a copy of the summons and amended complaint as supplemented by mail to the Broome County Attorney's Office, together with a copy of this Decision and Order;

    9. Upon the completion of service, a response to plaintiff's amended complaint be filed by defendants Snyder, Barnheart, Adams, and Pitcher, or their counsel, as provided for in the Federal Rules of Civil Procedure; and

    10. The Clerk shall serve a copy of this Decision and Order on plaintiff.

    IT IS SO ORDERED.

Dated: September 8, 2022
       Utica, New York.

                                            United States District Judge