UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

THOMAS KURTZ
a/k/a Tomas Shay,

                            Plaintiff,

        v.                                                  9:22-CV-0487
                                                            (DNH/ATB)


SGT. SNYDER, et al.,

                            Defendants.

---

APPEARANCES:

THOMAS KURTZ
23-B-2545
Plaintiff, Pro Se
Elmira Correctional Facility
P.O. Box 500
Elmira, NY 14902

ROBERT G. BEHNKE, ESQ.                    JENNIFER L. CHURCH, ESQ.
Broome County Attorney                    Assistant County Attorney II
Attorney for Defendants
Broome County Office Building
60 Hawley Street
P.O. Box 1766
Binghamton, NY 13902-1766


DAVID N. HURD
United States District Judge

**DECISION AND ORDER**

I. <u>INTRODUCTION</u>

        Pro se plaintiff Thomas Kurtz ("Kurtz" or "plaintiff"), a/k/a Tomas Shay, commenced

this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"),

together with an application for leave to proceed in forma pauperis ("IFP").  *See* Dkt. No. 1

("Compl."); Dkt. No. 6 ("IFP Application").[1]

By Decision and Order entered on July 13, 2022, this Court granted Kurtz's IFP

Application, but following review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B),

found that it was subject to dismissal for failure to state a claim upon which relief may be

granted.  Dkt. No. 12 ("July 2022 Order").  In light of plaintiff's pro se status, he was afforded

an opportunity to submit an amended complaint.  *Id*. at 21-22.

Thereafter, Kurtz filed the following: (1) an amended complaint, Dkt. No. 13 ("Am.

Compl."); (2) a motion for reconsideration of the July 2022 Order, Dkt. No. 15 ("Motion for

Reconsideration"); and (3) two other submissions containing further allegations of

wrongdoing, Dkt. Nos. 18, 20.

By Decision and Order entered on September 8, 2022, this Court directed the Clerk to

file Kurtz's second amended pleading submission (Dkt. No. 18) immediately after the last

page of the amended complaint (Dkt. No. 13) and file the original complaint after the last

page of the amended complaint as supplemented, accepted the amended complaint as

supplemented as the operative pleading, found that plaintiff's Fourteenth Amendment

excessive force and failure-to-protect claims against defendants Snyder, Barnheart, Adams,

and Pitcher survived sua sponte review and required a response, dismissed plaintiff's

remaining Section 1983 claims pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a

claim upon which relief may be granted, and denied the Motion for Reconsideration.  Dkt. No.

---

[1]  Plaintiff's initial application to proceed IFP was denied based on his failure to comply with the filing fee requirement.  Dkt. No. 5.  Thereafter, plaintiff filed his IFP Application, together with prisoner account statements. Dkt. Nos. 6, 7.

21 ("September 2022 Order").

Thereafter, defendants Adams, Barnheart, and Snyder acknowledged service and answered the amended complaint. Dkt. No. 24 ("Acknowledgment of Service"); Dkt. No. 26 ("Answer").[2] On December 2, 2022, a mandatory pretrial discovery and scheduling order was issued, which set April 3, 2023, as the deadline for amended pleadings. Dkt. No. 28 ("Scheduling Order").

On January 9, 2023, the Court received a one-page letter from Kurtz, which was captioned as an "Amended Complaint" and indicated that the use-of-force incident that gives rise to his remaining claims occurred on August 13, 2021, and not September 10, 2021, as indicated in the amended complaint. *See* Dkt. No. 30. By Text Order entered on January 18, 2023, this Court declined to accept the submission as an amended complaint, but directed the Clerk to attach it to the last page of the amended complaint for the sake of efficiency. Dkt. No. 31. That same day, the Court issued a separate Text Order directing the Clerk to reissue a summons for defendant Pitcher and provide it to the U.S. Marshal, along with a copy of the amended complaint, for personal service. Dkt. No. 32.

On January 31, 2023, the new summons issued for defendant Pitcher was returned as unexecuted. Dkt. No. 34. On April 14, 2023, the Court received a letter from plaintiff dated April 10, 2023, which sought to substitute a new defendant in place of Patrol Sergeant Peat Pitcher based on plaintiff's receipt of discovery materials showing that Pitcher was not involved in the alleged assault that forms the basis of plaintiff's remaining claims in this

---

[2] The answer indicated that the names of the three remaining defendants are as follows: Daniel Snyder, Anthony Barnhart, and Adam Valls. By Text Order entered on December 2, 2022, the Clerk was directed to modify the docket to reflect the proper spelling of each defendant's name. Dkt. No. 27.

action.  Dkt. No. 38.  By Text Order entered on May 5, 2023, plaintiff was granted leave to submit a second amended complaint within thirty (30) days that differs from the amended complaint only insofar as the pleading names a new official in place of Peat Pitcher.  Dkt. No. 40 ("May 2023 Text Order").

Less than two weeks later, Kurtz sent the Court a rambling letter with several attached documents, including one captioned as "2nd Amended Complaint."  Dkt. No. 41-1 at 5.  By Text Order entered on June 23, 2023, the Court directed the Clerk to attach the two pages of plaintiff's filing captioned as "2nd Amended Complaint" (Dkt. No. 41-1 at 5-6) after page 4 of the amended complaint, docket this updated pleading as the second amended complaint, and then return the file to the Court for further review.  Dkt. No. 46.

Presently before the Court are the following: (1) plaintiff's second amended complaint, Dkt. No. 47 ("SAC"); (2) plaintiff's letter request to add two family members as plaintiffs in this action and preclude discussion of his criminal history at trial, Dkt. No. 48 ("Letter Request"); and (3) counsel's opposition to plaintiff's second amended complaint and Letter Request, Dkt. No. 49 ("Opposition").

## II.  SUFFICIENCY OF THE SECOND AMENDED COMPLAINT

Because he is proceeding IFP and suing government officials, Kurtz's second amended complaint must be reviewed in accordance with 28 U.S.C. § 1915(e)(2)(B).  The legal standard governing the review of a pleading pursuant to this statute was discussed at length in the July 2022 Order and it will not be restated herein.  *See* July 2022 Order at 3-4.

### A.  The Complaint and July 2022 Order

In his original complaint, plaintiff asserted Section 1983 claims against various

Broome County officials based on alleged wrongdoing that occurred while he was confined at Broome County Jail.  *See generally* Compl.

The complaint was construed to assert the following Section 1983 claims: (1) Fourteenth Amendment excessive force and failure-to-protect claims against Snyder, Barnheart (now Barnhart), Adams (now Valls), and Pitcher; (2) Fourteenth Amendment due process claims against each of the named defendants based on alleged "drugging" of plaintiff's food; (3) Fourteenth Amendment due process claims against Snyder, Barnheart (now Barnhart), Adams (now Valls), and Pitcher based on alleged theft of property; (4) a Fourteenth Amendment medical indifference claim against defendant Hoffman based on her alleged refusal to prescribe plaintiff medical marijuana; and (5) Fourteenth Amendment conditions-of-confinement claims against Snyder, (now Barnhart), Adams (now Valls), and Pitcher based on plaintiff's alleged exposure to a UV light.  *See* July 2022 Order at 7-8.

Following review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), plaintiff's Section 1983 claims were dismissed without prejudice for failure to state a claim upon which relief may be granted.  *See* July 2022 Order at 21-22.

### B.  The Amended Complaint as Supplemented and September 2022 Order

Following the July 2022 Order, plaintiff submitted an amended complaint and two other documents that contained allegations of wrongdoing.  After reviewing the documents, the Court directed the Clerk to file plaintiff's second amended pleading submission (Dkt. No. 18) immediately after the last page of the amended complaint (Dkt. No. 13) and construed the amended complaint, as supplemented, to assert the following claims against the named defendants: (1) Fourteenth Amendment excessive force and failure-to-protect claims against

Snyder, Barnheart (now Barnhart), Adams (now Valls), and Pitcher based on an alleged

incident that occurred on September 10, 2021; (2) a Fourteenth Amendment due process

claim based on the alleged "drugging" of food; and (3) a Fourteenth Amendment due process

claim based on the alleged theft of property.  September 2022 Order at 4.

Following review of the amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), the

Court found that plaintiff's Fourteenth Amendment excessive force and failure-to-protect

claims against defendants Snyder, Barnheart (now Barnhart), Adams (now Valls), and

Pitcher survived sua sponte review and required a response.  *See* September 2022 Order at

10.

Importantly, the Court also acknowledged that the amended complaint alleged that

two other corrections officials were involved in the use-of-force incident that formed the basis

of plaintiff's surviving claims, and expressly declined to construe the pleading to assert claims

against these officials solely because plaintiff failed to name them as defendants.  *Id*. at 4.

Thus, at the time plaintiff filed his amended complaint, counsel was aware of plaintiff's

position that two other officials not named as defendants were involved in the alleged

wrongdoing that formed the basis of his surviving claims.

## C.  The Second Amended Complaint

Although far from a model of clarity, the second amended complaint, in addition to

including allegations regarding plaintiff's previously dismissed claims, alleges that

Corrections Officer Tinker and Corrections Sergeant Wilcox were involved, with defendants

Snyder, Barnhart, and Valls, in the use-of-force incident that is the subject of plaintiff's

remaining claims.  *See* SAC at 6.

In other words, the second amended complaint differs materially from the amended complaint only insofar as plaintiff now names Corrections Officer Tinker and Corrections Sergeant Wilcox as defendants in place of Patrol Sergeant Pitcher.

In light of the September 2022 Order, and mindful of the requirement to liberally construe pro se pleadings, *see, e.g., Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008), plaintiff's Fourteenth Amendment excessive force and failure-to-protect claims against defendants Snyder, Barnhart, Valls, Tinker, and Wilcox survive sua sponte review and require a response. In so ruling, the Court expresses no opinion as to whether these claims can withstand a properly filed dispositive motion.[3]

Because the second amended complaint no longer asserts claims against Patrol Sergeant Pitcher, the Clerk is directed to terminate him as a party to the proceeding.

Insofar as the second amended complaint may be construed to reassert the claims that were previously dismissed in the September 2022 Order, those claims are once again dismissed for the reasons set forth in that Order, and in the July 2022 Order.

## III.  LETTER REQUEST

More than a month after the issuance of the May 2023 Text Order, the Court received plaintiff's Letter Request, which apparently seeks to add plaintiff's children as parties to this proceeding and preclude any discussion at trial of plaintiff's criminal history.  *See* Letter

---

[3]  Because the second amended complaint only substitutes defendants with respect to the surviving claims in this action, which are based solely on a single use-of-force incident, and plaintiff previously alleged that other officials besides those he named as defendants were involved in this incident, the Court finds that any prejudice to the current defendants from adding new defendants to the proceeding is minimal.  In any event, in light of counsel's Opposition, following the completion of service on defendants Tinker and Wilcox, the Court will re-open discovery for sixty (60) days so that counsel may depose plaintiff for a second time, and serve demands, as desired.  The dispositive motion deadline will also be reset following the completion of service on defendants Tinker and Wilcox.

Request.

Insofar as plaintiff seeks to join his children as parties to this action, his request is denied as untimely, beyond the scope of the May 2023 Text Order, and because his submission fails to explain how these individuals were involved in the alleged wrongdoing that forms the basis of plaintiff's remaining claims in this action.  *See Jolley v. Meachum*, 210 F.3d 354 (2d Cir. 2000) (affirming denial of motion for leave to amend where the plaintiff's "various proposed amended complaints contained claims that were either unrelated to his original claims, or known to him at the time that he filed his original complaint"); *Palm Beach Strategic Income, LP v. Salzman*, 457 Fed. App'x 40, 43 (2d Cir. 2012) (collecting cases) (summary order) ("District courts in this Circuit have routinely dismissed claims in amended complaints where the court granted leave to amend for a limited purpose and the plaintiff filed an amended complaint exceeding the scope of the permission granted.").

Insofar as plaintiff seeks to preclude a discussion of his criminal history at trial, his request is denied without prejudice as premature.  In the event one or more claims survive any dispositive motion that may be filed, plaintiff may renew his request in accordance with the terms of any pretrial scheduling order that may be set.

## IV.  CONCLUSION

Therefore, it is

ORDERED that

1.  The second amended complaint is accepted for filing and is the operative pleading;

2.  Plaintiff's Fourteenth Amendment excessive force and failure-to-protect claims against defendants Snyder, Barnhart, Valls, Tinker, and Wilcox **SURVIVE** sua sponte review and require a response;

3.  Plaintiff's remaining Section 1983 claims are **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted, in accordance with the July 2022 Order and September 2022 Order;

4.  The Clerk shall add Corrections Officer Tinker and Corrections Sergeant Wilcox to the docket as defendants and **TERMINATE** Patrol Sergeant Pitcher as a defendant;

5.  The Clerk shall issue summonses and forward them, along with copies of the second amended complaint, to the United States Marshal for service upon defendants Tinker and Wilcox;

6.  Upon the completion of service, a response to plaintiff's second amended complaint be filed by defendants Snyder, Valls, Barnhart, Tinker and Wilcox, or their counsel, as provided for in the Federal Rules of Civil Procedure;

7.  All deadlines in this case are **STAYED** pending the completion of service on defendants Tinker and Wilcox;

8.  Following the completion of service on these officials, discovery will be re-opened for sixty (60) days so that counsel may depose plaintiff for a second time, and serve demands, as desired, and the dispositive motion deadline will be reset;

9. Plaintiff's Letter Request (Dkt. No. 48) is **DENIED** as set forth above; and

10.  The Clerk shall serve a copy of this Decision and Order on the parties.

IT IS SO ORDERED.


Dated:  July 24, 2023
         Utica, New York.

_____
United States District Judge

9