UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS KURTZ,

                Plaintiff,

         -v-                                9:22-CV-0487

SNYDER, BARNHART, ADAMS (VALLS),
AND SERGEANT WILCOX

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                  OF COUNSEL:

THOMAS KURTZ
Plaintiff, *Pro Se*
23-B-2545
Auburn Correctional Facility
P.O. Box 618
Auburn, NY 13021

BROOME COUNTY               HON. CHERYL SULLIVAN, ESQ.
   ATTORNEY'S OFFICE       Broome County Attorney
*Attorney for Defendants*
Broome County Office Building    JOSHUA T. TERRELL ESQ.
60 Hawley Street              Asst. Broome County Attorney
P.O. Box 1766
Binghamton, NY 13902-1766

DAVID N. HURD
United States District Judge

## ORDER ON REPORT & RECOMMENDATION

On May 11, 2022, plaintiff Thomas Kurtz ("plaintiff"), acting *pro se*, commenced this action by filing a civil rights complaint alleging various constitutional violations that occurred while he was incarcerated at Broome County Correctional Jail ("Broome C.J.").[1]  Dkt. No. 1.  On July 24, 2024, this Court issued a Decision & Order holding that plaintiff's Fourteenth Amendment excessive force and failure to protect claims against defendants Snyder, Barnhart, Valls, Tinker, and Wilcox survived *sua sponte* review.

Presently before the Court is defendants' motion for summary judgment as to plaintiff's second amended complaint ("SAC"), Dkt. No. 47, pursuant to Federal Rule of Civil Procedure ("Rule") 56.[2]  Dkt. No. 86.

On February 28, 2025, after conducting a review of defendants' motion for summary judgment, U.S. Magistrate Judge Mitchell J. Katz advised by Report & Recommendation ("R&R") that: (1) defendants' motion for summary judgment be granted in part and denied in part; (2) that defendants' motion

---

[1] The Court notes the complex procedural posture in this case. As such, the Court will not restate the intricate procedural history here.  That history was well-briefed in this Court's prior decisions & orders.  *See* Dkt. Nos. 21, 50.

[2] The Court notes that plaintiff also moved for summary judgment, and, alternatively, to dismiss plaintiff's SAC for failure to state a cause of action, pursuant to N.Y. C.P.L.R. § 3212 and §3211(a)(7), respectively.  Dkt. No. 86–4 at 5.  This Court echoes Judge Katz's concern that defendants' motion papers refer to New York's Civil Practice Law Rules and re-emphasizes that a working knowledge of the Federal and Local Rules of Civil Procedure is a condition precedent to admission to this Court.  Dkt. No. 99 at 3, n. 3.

for summary judgment be denied as to plaintiffs failure to exhaust his administrative remedies and plaintiff's Eight Amendment excessive force ad failure to intervene claims as to defendants Snyder, Barnhart, and Sergeant Wilcox; and (3) defendants' motion for summary judgment be granted as to plaintiff's excessive force and failure to intervene claims as to defendants Tinker and Valls. *See generally* Dkt. No. 99.

Defendants have objected to Judge Katz's R&R. Dkt. No. 100–8. Specifically, defendants argue that: (1) plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act (the "PLRA"); (2) plaintiff failed to allege an injury; (3) plaintiff failed to provide any evidence to support his allegations; (4) plaintiff failed to oppose defendants' motion for summary judgment; (5) plaintiff's arguments fail based upon the doctrine of qualified immunity; and (6) plaintiff's failure to intervene claims fail as a matter of law. *See generally id*. Defendants also take issue with certain factual findings made Judge Katz in the R&R.[3] *Id*. at 12–13.

---

[3] Namely, defendants object and dispute to Judge Katz's reliance on the following as a factual finding: "After [Plaintiff] was handcuffed, five or six officer(sic) escorted Plaintiff to a nearby room . . . the officers smacked Plaintiff numerous times while [he] was handcuffed . . . During this attack, Defendant Wilcox kicked [Plaintiff] in the left side of [his] mouth, causing [p]laintiff's mouth to bleed and his head to hit the wall . . . Afterward, [d]efendant Barnhart smacked [p]laintiff on the left side of the face and [d]efendant Snyder smacked [p]laintiff on the left shoulder . . . [d]efendant Valls then entered the room, tried to kick [p]laintiff in the thigh area and used his right hand to hit [plaintiff] in the back of the head." Dkt. No. 100–8 at 12.

Turning first to the R&R: upon *de novo* review, Judge Katz's R&R will be accepted and adopted in all respects. *See* FED. R. CIV. P. 72(b).

Next, turning to defendants' objections. First, defendants argue that plaintiff failed to exhaust his administrative remedies. Dkt. No. 100–8 at 3–5. This argument is unpersuasive for substantially the reasons Judge Katz set forth in the R&R.[4] Dkt. No. 99 at 12. Specifically, Judge Katz advised that Plaintiff did not have the necessary grievance processes available to him at either Broome C.J. or Elmira Correctional Facility ("Elmira C.F."). *Id.* Defendants argue that, had plaintiff submitted a grievance form to either facility, "he would have been instructed on how to proceed." Dkt. No. 100-8 at 4. But defendant sheds no light on what process would yield these instructions, let alone how this step defendant purportedly failed to take is what a "similarly situated individual of ordinary firmness" would have done. *Id.* Defendants have failed to squarely address whether the seven-step grievance process at Broome C.J. detailed by Judge Katz was actually

---

[4] Specifically, the requirement that an incarcerated individual must complete all administrative review procedures according to the rules applicable to the institution in which they are confined does *not* apply where the remedy is not functionally available to the incarcerated individual. *See* Dkt. No. 99 at 11; *see also Ross v. Blake*, 578 U.S. 632, 642 (2016) (emphasis added).

available to plaintiff.[5]  Judge Katz correctly concluded that the grievance
process at Elmira C.F. would have been similarly fruitless because no remedy
would exist.  Dkt. No. 99 at 16.

Next, defendants argue that plaintiff presented no evidence of injury.
Dkt. No. 100–8 at 5.  Judge Katz reasonably relied on plaintiff's deposition
testimony, which was included in defendants' motion to advise that, *inter
alia*, plaintiff was seen by medical staff immediately before being transferred
to Elmira C.F. and that a photograph was taken of him upon his arrival at
Elmira C.F.  Dkt. Nos. 86–7; 100-8 at 19–20.  A review of the deposition
transcript reveals evidence that could lead a reasonable fact finder to
conclude that plaintiff was injured.  Dkt. No. 99.  Further, Judge Katz
advised that an incident report prepared by Lieutenant Scott Noyes at
Broome C.J. could also support plaintiff's claim of injury.  Dkt. No. 86–6.

Third, defendants argue that Judge Katz should have concluded that
plaintiff's failure to present any evidence in support of his allegations should
have been fatal to his claims.  Dkt. No. 100–8 at 7.  But as stated above, a
review of the record reveals that there is evidence, including incident reports

---

[5]  Instead, defendants have said Judge Katz's analysis "create[s] gray where defendants contend
there is none."  Dkt. No. 100–8 at 4.  But Judge Katz properly called into question how the plaintiff
could have proceeded to Step 1 of the Broome C.J. grievance procedure when he was swiftly
transferred to Elmira C.F., a prison governed by New York State Department of Corrections and
Community Supervision ("DOCCS"), rather than Broome County, after his altercation with Snyder.
*See* Dkt. No. 99 at 12–14.

and deposition testimony, from which a reasonable fact finder could find for plaintiff on his excessive force claims. *See e.g,* Dkt. Nos. 86–6, 86–7.

Fourth, defendants argue that plaintiff failed to properly oppose defendant's motion for summary judgment. Dkt. No. 100–8 at 9. The Court notes that plaintiff made a filing on the docket after the filing of defendants' motion, Dkt. No. 89, to which defendants replied. Dkt. No. 90. However, as Judge Katz properly concluded, plaintiff's response was indeed not responsive to defendants' motion. Dkt. No. 99 at 7. But plaintiff's failure to properly oppose defendant's motion is not the end of the inquiry. *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001) (holding that "[a] district court has broad discretion to determine whether to overlook a party's failure to comply with local court rules.") As Judge Katz properly concluded, the Court may in its discretion, conduct an "assiduous review of the record" to resolve defendant's motion. Dkt. No. 99 at 6. Thus, the Court may consider the evidence available in the record even in the absence of plaintiff's opposition papers.

Fifth, defendants argue they are entitled to relief under the doctrine of qualified immunity. Dkt. No. 100–8 at 10. However, as Judge Katz advised, there are genuine questions of material fact that preclude determining whether qualified immunity attached to defendants' action. Dkt. No. 99.

These disputes of fact are ripe for a jury.  *Id.*  Therefore, a determination on the issue of qualified immunity would be premature at this juncture.

Sixth, defendants argue that Judge Katz failed to properly analyze whether plaintiff's failure to intervene claims fail as a matter of law.  Dkt. No. 100–8 at 11.  There are disputes of material fact with respect to these claims, and sufficient evidence from which a fact finder might conclude that defendants did in fact fail to intervene on plaintiff's behalf.

Finally, the Court notes that defendants take issue with certain factual findings made by Judge Katz in the R&R.  *Supra.*  Namely, defendants object to the R&R's failure to account for "the patent unreliability of plaintiff's statements, positions, and allegations hold that his allegations of excessive force, are factual."  But this simply is not so.  Judge Katz properly considered the documentary evidence contained in defendants' moving papers, which supported a notion that plaintiff was seen by medical personnel.  Dkt. No. 99 at 19.  Judge Katz also took note of what evidence was *absent* from the record, *e.g.*, medical records from plaintiff's treatment before leaving Broome County C.J.; affidavits from any of the medical personnel who treated plaintiff; actual proof of his treatment or a lack thereof; or any photographs of plaintiff immediately following the events that transpired.[6]  A review of this

---

[6]  In fact, Judge Katz specifically indicated that any of these proofs would have gone "a long way in support of this motion."  Dkt. No. 99, at 20 n. 11.

evidence confirm that there are disputes of materials fact that preclude summary judgment on plaintiff's claims and that should instead be resolved by a finder of fact.

Therefore, it is

ORDERED that

1. The Report & Recommendation (Dkt. No. 99) is ACCEPTED and ADOPTED in all respects;

2. Defendants' motion for summary judgement (Dkt. No. 86) is GRANTED in part and DENIED in part;

3. Defendants' motion for summary judgment is DENIED as to Plaintiff's failure to exhaust his administrative remedies;

4. Defendants motion for summary judgment is DENIED as to Plaintiff's excessive force and failure to intervene claims as to defendants Snyder, Barnhard, and Sergeant Wilcox;

5. Defendants motion for summary judgment is GRANTED as to Plaintiff's excessive force and failure to intervene claims as to defendants Tinker and Valls;

6. The parties are ADVISED of the availability of the presiding Magistrate Judge to conduct a trial in this matter;

7. The Clerk of the Court is DIRECTED to serve all parties with a copy of the blank form for this purpose;

8.  The parties are DIRECTED to file a joint status report by no later than April 11, 2025 indicating the trial-ready status of this action that shall inform the Court about whether the parties intend to proceed to trial before the Magistrate Judge;

9.  The Clerk of the Court shall mail a copy of this Order to plaintiff by regular mail;[7]

The Clerk of the Court is directed to terminate the pending motion.

IT IS SO ORDERED.

David N. Hurd
U.S. District Judge

Dated:  March 28, 2025
        Utica, New York.

---

[7]  The Clerk shall also provide plaintiff with copies of all unreported decisions cited herein in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).